1  **FAEGRE DRINKER BIDDLE & REATH LLP**
   MICHAEL JAEGER (SBN 289364)
2  *michael.jaeger@faegredrinker.com*
   1800 Century Park East, Suite 1500
3  Los Angeles, California 90067
   Telephone:  +1 310 203 4000
4  Facsimile:   +1 310 229 1285

5  Attorneys for Defendant
   U.S. BANK NATIONAL ASSOCIATION
6  d/b/a ELAN FINANCIAL SERVICES

7

8                    **UNITED STATES DISTRICT COURT**

9
        **CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**
10

11                              **SANTA ANA**

12

13  ERIC TREXLER,                      Case No. 8:21-CV-00931-JLS-JDE
14          Plaintiff,                 District Judge: Josephine L. Staton
                                       Magistrate Judge:  John D. Early
15      v.

16  US BANCORP DBA ELAN
17  FINANCIAL SERVICES; EQUIFAX        **DEFENDANT U.S. BANK'S**
    INFORMATION SERVICES LLC; and      **ANSWER TO PLAINTIFF'S**
18  EXPERIAN INFORMATION               **COMPLAINT FOR DAMAGES**
    SOLUTIONS, INC.,
19          Defendants.                Complaint Filed:   May 21, 2021

20

21

22

23

24

25

26

27

28

1  Defendant US Bancorp d/b/a Elan Financial Services, more properly known as
2  U.S. Bank National Association d/b/a Elan Financial Services[1] (hereinafter "U.S.
3  Bank") now answers the Complaint for Damages ("Complaint") filed by plaintiff Eric
4  Trexler ("Plaintiff") as follows:

5  Except as expressly admitted or qualified below, U.S. Bank denies each and
6  every allegation of the Complaint.

7  ## I.    INTRODUCTION

8  1.    Answering paragraph 1, U.S. Bank admits that Plaintiff alleges claims
9  based on the Fair Credit Reporting Act ("FCRA"), the Fair Debt Collection Practices
10  Act ("FDCPA"), and the California Rosenthal Fair Debt Collection Practices Act
11  ("RFDCPA"). U.S. Bank denies it violated the FCRA, the FDCPA or the RFDCPA.
12  To the extent that the allegations concern another Defendant, U.S. Bank lacks
13  information or knowledge sufficient to form a belief as to the truth of the allegations
14  and therefore denies them. U.S. Bank denies the remaining allegations in paragraph 1
15  of the Complaint.

16  ## II.    PARTIES

17  2.    Answering paragraph 2, U.S. Bank lacks information or knowledge
18  sufficient to form a belief as to the truth of the allegations as to where Plaintiff resides
19  and therefore denies the allegations.

20  3.    Answering paragraph 3, the allegations state a legal conclusion that
21  requires no response. To the extent a response is required, U.S. Bank states that 15
22  U.S.C. § 1681(a)(c) speaks for itself. To the extent that the allegations are intended to
23  stand for additional or inconsistent propositions, they are denied.

24  4.    Answering paragraph 4, the allegations state a legal conclusion that
25  requires no response. To the extent a response is required, U.S. Bank states that 15

26

27  [1] The allegations at issue in the Complaint relate to U.S. Bank National Association.
Therefore, U.S. Bancorp is an incorrectly named party. U.S. Bank National Association
28  is not a separate or distinct legal entity from Elan Financial Services.

U.S.C. § 1692a(3) speaks for itself. To the extent that the allegations are intended to stand for additional or inconsistent propositions, they are denied.

5.    Answering paragraph 5, the allegations state a legal conclusion that requires no response. To the extent a response is required, U.S. Bank states that California Civil Code § 1788.2(h) speaks for itself. To the extent that the allegations are intended to stand for additional or inconsistent propositions, they are denied.

6.    Answering paragraph 6, U.S. Bank National Association d/b/a Elan Financial Services admits that it does business in the State of California. U.S. Bank denies that "US Bancorp dba Elan Financial Services" is an entity that exists. Because U.S. Bank does not know Plaintiff's definition of "lending institution," or if Plaintiff intends to refer to an unidentified statute or law for the definition of "lending institution," U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

7.    Answering paragraph 7, the allegations state a legal conclusion that requires no response. To the extent a response is required, U.S. Bank states that 15 U.S.C. § 1681a(b) and 15 U.S.C. § 1681s-2 *et seq*. speak for themselves. To the extent that the allegations are intended to stand for additional or inconsistent propositions, they are denied.

8.    Answering paragraph 8, the allegations state a legal conclusion that requires no response. To the extent a response is required, U.S. Bank states that California Civil Code § 1788.2(g) speaks for itself. To the extent that the allegations are intended to stand for additional or inconsistent propositions, they are denied.

9.    Answering paragraph 9, the allegations state a legal conclusion that requires no response. To the extent a response is required, U.S. Bank states that 15 U.S.C. § 1692a(5) and California Civil Code § 1788.2(d) speak for themselves. To the extent that the allegations are intended to stand for additional or inconsistent propositions, they are denied.

10.     Answering paragraph 10, the allegations state a legal conclusion that requires no response. To the extent a response is required, U.S. Bank states that 15 U.S.C. § 1692a(6) and California Civil Code § 1788.2(c) speak for themselves. To the extent that the allegations are intended to stand for additional or inconsistent propositions, they are denied.

11.     Answering paragraph 11, because the allegations concern another Defendant, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

12.     Answering paragraph 12, because the allegations concern another Defendant, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

13.     Answering paragraph 13, because the allegations concern another Defendant, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

14.     Answering paragraph 14, because the allegations concern another Defendant, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

15.     Answering paragraph 15, because the allegations concern another Defendant, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

16.     Answering paragraph 16, because the allegations concern another Defendant, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

17.     Answering paragraph 17, because the allegations concern another Defendant, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

- 4 -

18. Answering paragraph 18, because the allegations concern another Defendant, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

19. Answering paragraph 19, because the allegations concern another Defendant, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

20. Answering paragraph 20, because the allegations concern another Defendant, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

### III.    JURISDICTION AND VENUE

21. Answering paragraph 21, U.S. Bank admits that jurisdiction in this Court is proper.

22. Answering paragraph 22, U.S. Bank admits that venue in this Court is proper. U.S. Bank admits that it does business in the State of California. U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations as to where Plaintiff resides. To the extent that the allegations concern another Defendant, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them. U.S. Bank denies the remaining allegations in paragraph 22.

23. Answering paragraph 23, U.S. Bank admits that personal jurisdiction in this Court is proper. U.S. Bank admits that it does business in the State of California. U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations as to where Plaintiff resides. To the extent that the allegations concern another Defendant, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them. U.S. Bank denies the remaining allegations in paragraph 23.

## IV.    FACTUAL ALLEGATIONS

24.    Answering paragraph 24, U.S. Bank admits that Plaintiff had a U.S. Bank credit card account ending in -8907 (the "Account") upon which he owed.

25.    Answering paragraph 25, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

26.    Answering paragraph 26, the allegations state a legal conclusion that requires no response. To the extent a response is required, U.S. Bank denies the allegations because U.S. Bank does not know Plaintiff's definition of "instrumentalities of interstate commerce," or if Plaintiff intends to refer to an unidentified statute or law for the definition of "instrumentalities of interstate commerce."

27.    Answering paragraph 27, U.S. Bank denies the allegations.

28.    Answering paragraph 28, U.S. Bank denies the allegations. To the extent that the allegations concern another Defendant, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

29.    Answering paragraph 29, because the allegations concern other Defendants, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

30.    Answering paragraph 30, because the allegations concern other Defendants, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

31.    Answering paragraph 31, because the allegations concern other Defendants, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

32.    Answering paragraph 32, U.S. Bank admits that Plaintiff and U.S. Bank agreed to settle Plaintiff's Account ending in -8907. U.S. Bank denies the remaining allegations.

33.    Answering paragraph 33, U.S. Bank denies the allegations.

34.    Answering paragraph 34, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations as to what Plaintiff discovered and therefore denies the allegations. To the extent that the allegations concern other Defendants, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them. U.S. Bank denies the remaining allegations in paragraph 34.

35.    Answering paragraph 35, U.S. Bank denies the allegations. To the extent that the allegations concern another Defendant, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

36.    Answering paragraph 36, U.S. Bank denies the allegations. To the extent that the allegations concern another Defendant, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

## PLAINTIFF'S WRITTEN DISPUTE

37.    Answering paragraph 37, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

38.    Answering paragraph 38, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

39.    Answering paragraph 39, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

40.    Answering paragraph 40, U.S. Bank denies the allegations.

41.    Answering paragraph 41, U.S. Bank denies the allegations.

42.    Answering paragraph 42, U.S. Bank denies the allegations.

43.    Answering paragraph 43, because the allegations concern another Defendant, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

44.    Answering paragraph 44, U.S. Bank denies the allegations.

45.    Answering paragraph 45, because the allegations concern another Defendant, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

46.    Answering paragraph 46, because the allegations concern another Defendant, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

47.    Answering paragraph 47, U.S. Bank denies the allegations.

48.    Answering paragraph 48, because the allegations concern other Defendants, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

49.    Answering paragraph 49, U.S. Bank denies the allegations. To the extent that the allegations concern another Defendant, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

50.    Answering paragraph 50, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations as to what information Plaintiff may have provided and therefore denies the allegations. To the extent that the allegations concern another Defendant, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them. U.S. Bank denies the remaining allegations in paragraph 50 of the Complaint.

## COUNT I - EQUIFAX

## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. § 1681e(b)

51.    U.S. Bank re-states and reaffirms the above paragraphs as though fully set forth herein.

52.    Answering paragraph 52, because the allegations concern another Defendant, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

53.    Answering paragraph 53, because the allegations concern another Defendant, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

54.    Answering paragraph 54, because the allegations concern another Defendant, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

55.    Answering paragraph 55, because the allegations concern another Defendant, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

56.    Answering paragraph 56, because the allegations concern another Defendant, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

57.    Answering paragraph 57, because the allegations concern another Defendant, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

### COUNT II - EQUIFAX

### Fair Credit Reporting Act Violation – 15 U.S.C. § 1681(i)

58.    U.S. Bank re-states and reaffirms the above paragraphs as though fully set forth herein.

59.    Answering paragraph 59, because the allegations concern another Defendant, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

60.    Answering paragraph 60, because the allegations concern another Defendant, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

61.    Answering paragraph 61, because the allegations concern another Defendant, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

62.    Answering paragraph 62, because the allegations concern another Defendant, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

63.    Answering paragraph 63, because the allegations concern another Defendant, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

64.    Answering paragraph 64, because the allegations concern another Defendant, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

## COUNT III - EXPERIAN

### Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b)

65.    U.S. Bank re-states and reaffirms the above paragraphs as though fully set forth herein.

66.    Answering paragraph 66, because the allegations concern another Defendant, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

67.    Answering paragraph 67, because the allegations concern another Defendant, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

68.    Answering paragraph 68, because the allegations concern another Defendant, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

69.    Answering paragraph 69, because the allegations concern another Defendant, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

70.    Answering paragraph 70, because the allegations concern another Defendant, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

71.    Answering paragraph 71, because the allegations concern another Defendant, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

## COUNT IV – EXPERIAN

### Fair Credit Reporting Act Violation – 15 U.S.C. § 1681(i)

72.    U.S. Bank re-states and reaffirms the above paragraphs as though fully set forth herein.

73.    Answering paragraph 73, because the allegations concern another Defendant, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

74.    Answering paragraph 74, because the allegations concern another Defendant, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

75.    Answering paragraph 75, because the allegations concern another Defendant, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

76.    Answering paragraph 76, because the allegations concern another Defendant, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

77.    Answering paragraph 77, because the allegations concern another Defendant, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

78.    Answering paragraph 78, because the allegations concern another Defendant, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

**COUNT V – ELAN**

**Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b)**

79.     U.S. Bank re-states and reaffirms the above paragraphs as though fully set forth herein.

80.     Answering paragraph 80, U.S. Bank denies the allegations.

81.     Answering paragraph 81, U.S. Bank denies the allegations.

82.     Answering paragraph 82, U.S. Bank denies the allegations.

83.     Answering paragraph 83, U.S. Bank denies the allegations. U.S. Bank further denies that Plaintiff is entitled to any judgment, damages, relief and/or award from U.S. Bank.

84.     Answering paragraph 84, U.S. Bank denies the allegations. U.S. Bank further denies that Plaintiff is entitled to any judgment, damages, relief and/or award from U.S. Bank.

85.     Answering paragraph 85, U.S. Bank denies that Plaintiff is entitled to any judgment, damages, relief and/or award from U.S. Bank.

**COUNT VI – ELAN**

**Fair Debt Collection Practices Act Violation – 15 U.S.C. § 1692e**

86.     U.S. Bank re-states and reaffirms the above paragraphs as though fully set forth herein.

87.     Answering paragraph 87, the allegations state a legal conclusion that requires no response. To the extent a response is required, U.S. Bank states that the FDCPA and the cited case in paragraph 87 of the Complaint speak for themselves. To the extent that the allegations are intended to stand for additional or inconsistent propositions, they are denied. U.S. Bank denies it is a debt collector under the FDCPA, denies it violated the FDCPA, denies it violated the law, and denies it committed any wrongdoing.

88.     Answering paragraph 88, the allegations state a legal conclusion that requires no response. To the extent a response is required, U.S. Bank states that the

- 12 -

FDCPA and the cited case in paragraph 88 of the Complaint speak for themselves. To the extent that the allegations are intended to stand for additional or inconsistent propositions, they are denied. U.S. Bank denies it is a debt collector under the FDCPA, denies it violated the FDCPA, denies it violated the law, and denies it committed any wrongdoing.

89.    Answering paragraph 89, the allegations state a legal conclusion that requires no response. To the extent a response is required, U.S. Bank states that the cited case in paragraph 89 of the Complaint speaks for itself. To the extent that the allegations are intended to stand for additional or inconsistent propositions, they are denied. U.S. Bank denies it is a debt collector under the FDCPA, denies it violated the law, and denies it committed any wrongdoing.

90.    Answering paragraph 90, the allegations state a legal conclusion that requires no response. To the extent a response is required, U.S. Bank states that the FDCPA and the cited cases in paragraph 90 of the Complaint speak for themselves. To the extent that the allegations are intended to stand for additional or inconsistent propositions, they are denied. U.S. Bank denies it is a debt collector under the FDCPA, denies it violated the FDCPA, denies it violated the law, and denies it committed any wrongdoing.

91.    Answering paragraph 91, the allegations state a legal conclusion that requires no response. To the extent a response is required, U.S. Bank states that the cited cases in paragraph 91 of the Complaint speak for themselves. To the extent that the allegations are intended to stand for additional or inconsistent propositions, they are denied. U.S. Bank denies it is a debt collector under the FDCPA, denies it violated the FDCPA, denies it violated the law, and denies it committed any wrongdoing.

92.    Answering paragraph 92, the allegations state a legal conclusion that requires no response. To the extent a response is required, U.S. Bank states that the FDCPA and the cited case in paragraph 92 of the Complaint speak for themselves. To the extent that the allegations are intended to stand for additional or inconsistent

1   propositions, they are denied. U.S. Bank denies it is a debt collector under the

2   FDCPA, denies it violated the FDCPA, denies it violated the law, and denies it

3   committed any wrongdoing.

4         93.    Answering paragraph 93, the allegations state a legal conclusion that

5   requires no response. To the extent a response is required, U.S. Bank states that the

6   FDCPA and the cited case in paragraph 93 of the Complaint speak for themselves. To

7   the extent that the allegations are intended to stand for additional or inconsistent

8   propositions, they are denied. U.S. Bank denies it is a debt collector under the

9   FDCPA, denies it violated the FDCPA, denies it violated the law, and denies it

10  committed any wrongdoing.

11        94.    Answering paragraph 94, the allegations state a legal conclusion that

12  requires no response. To the extent a response is required, U.S. Bank states that the

13  FDCPA and 15 U.S.C. § 1692e(2)(A) speak for themselves. To the extent that the

14  allegations are intended to stand for additional or inconsistent propositions, they are

15  denied. U.S. Bank denies it is a debt collector under the FDCPA, denies it violated the

16  FDCPA, denies it violated the law, and denies it committed any wrongdoing.

17        95.    Answering paragraph 95, the allegations state a legal conclusion that

18  requires no response. To the extent a response is required, U.S. Bank states that the

19  FDCPA and the cited cases in paragraph 95 of the Complaint speak for themselves.

20  To the extent that the allegations are intended to stand for additional or inconsistent

21  propositions, they are denied. U.S. Bank denies it is a debt collector under the

22  FDCPA, denies it violated the FDCPA, denies it violated the law, and denies it

23  committed any wrongdoing.

24        96.    Answering paragraph 96, U.S. Bank denies the allegations.

25        97.    Answering paragraph 97, U.S. Bank denies the allegations.

26

27

28

**COUNT VII – ELAN**

**Rosenthal Fair Debt Collection Practices Act – Cal. Civ. Code § 1788.17**

98.    U.S. Bank re-states and reaffirms the above paragraphs as though fully set forth herein.

99.    Answering paragraph 99, U.S. Bank denies the allegations.

## PRAYER FOR RELIEF

U.S. Bank denies the allegations in the "PRAYER FOR RELIEF" section of the Complaint. To the extent that the allegations concern another Defendant, U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them. U.S. Bank further denies that Plaintiff is entitled to any judgment, damages, relief and/or award from U.S. Bank sought in the "PRAYER FOR RELIEF" section of the Complaint including each of its subparts.

## AFFIRMATIVE DEFENSES

NOW WHEREFORE, having answered the Complaint, U.S. Bank asserts the following affirmative defenses:

1.    Plaintiff has failed, in whole or in part, to state a claim upon which relief may be granted.

2.    Plaintiff failed to mitigate his damages, if any.

3.    Plaintiff's damages, if any, were caused by the actions and/or inaction of third parties and/or intervening causes over which U.S. Bank has no control.

4.    U.S. Bank is not a debt collector under the FDCPA.

5.    U.S. Bank acted at all times in compliance with the FCRA, 15 U.S.C. § 1681, *et seq*., and it is entitled to each and every defense stated in the Act and any and all limitations of liability.

6.    U.S. Bank acted reasonably and in good faith at all material times based on all relevant facts and circumstances known by it at the time it so acted.

7.    Plaintiff is estopped from recovering from U.S. Bank.

8.     Plaintiff's Complaint seeks punitive damages. U.S. Bank adopts by reference the defenses, criteria, limitations, standards, and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 424 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003); *Phillip Morris USA v. Williams*, 549 U.S. 346 (2007); *Exxon Shipping Co. v. Baker*, 554 US 471 (2008).

9.     Plaintiff's claim for punitive damages is barred or limited by the provisions of 15 U.S.C. § 1681n.

10.     U.S. Bank pleads and asserts all applicable constitutional, statutory, and common law limitations on punitive damages.

11.     Plaintiff's claim that U.S. Bank committed willful violations of the FCRA is barred, in part, by the principles articulated in *Safeco Ins. Co. v. Burr*, 551 U.S. 47 (2007).

12.     As a result of this litigation, U.S. Bank was required to retain the undersigned counsel, to whom it is obligated to pay a reasonable fee, for which U.S. Bank is entitled to recovery pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b).

13.     U.S. Bank reserves the right to supplement its affirmative defenses as it continues with its factual investigation of Plaintiff's claims.

**WHEREFORE**, U.S. Bank respectfully requests that this Court:

a.     Dismiss all of Plaintiff's claims against U.S. Bank on the merits and with prejudice;

b.     Award U.S. Bank all costs, disbursements, and reasonable attorneys' fees allowed by law; and

c.     Grant U.S. Bank any other relief that the Court deems just and equitable.

1

DATED:  July 23, 2021          **FAEGRE DRINKER BIDDLE & REATH LLP**

2

3                                      By:  */s/ Michael Jaeger*
                                          MICHAEL JAEGER
4                                         Attorneys for Defendant
                                          U.S. BANK NATIONAL ASSOCIATION
5                                         d/b/a ELAN FINANCIAL SERVICES

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28